IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CAMERON LACROIX | CRIMINAL No. 14-10227-PBS |

**ASSENTED-TO MOTION TO SCHEDULE CONSOLIDATED
PLEA AND SENTENCING HEARING AND TO WAIVE PSR**

The government, with the assent of Cameron Lacroix, asks the Court to schedule a hearing for the defendant to waive his right to indictment, enter a guilty plea, and be sentenced on one date. The government, again with the assent of Cameron Lacroix, also asks the Court to waive preparation of a presentence report.

As grounds, it is stated:

1. In his other case pending before this Court, *United States v. Cameron Lacroix*, 14-10162-MLW, the defendant waived indictment and entered a guilty plea on June 23, 2014. After a presentence report was prepared, Mr. Lacroix was sentenced by the Court (Wolf, J.) on October 27 to four years in prison and three years of supervised release, pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C).

2. In the instant case, the parties have also entered into a binding plea agreement which calls for a sentence that is identical to (except for restitution) and concurrent with the sentence in 14-10162-MLW. Therefore, they seek, at the earliest available date, a hearing for Mr. Lacroix to waive indictment, plead guilty to the information, and for the Court to consider whether

to impose the negotiated sentence.[1]

3. A presentence report was already prepared in 14-cr-10162-MLW. That report included the facts of the above-captioned case as relevant conduct. Therefore, the parties seek to waive the presentence investigation pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii). The parties submit that the information contained in the PSR prepared by USPO Marcy in 14-10162-MLW, is sufficient to enable the Court to exercise its sentencing authority under 18 U.S.C. § 3553, without the necessity of the preparation of a separate PSR. The existing PSR incorporates information regarding both federal cases and details Defendant's criminal history and personal characteristics. A second PSR would be entirely duplicative. USPO Marcy has been consulted and agrees with this request.

4. Assistant Federal Defender Behzad Mirhashem, who was appointed to represent Mr. Lacroix in 14-cr-10162-MLW, and whose motion to appoint counsel is pending in this case, has asked the government to file this motion because he has not yet been appointed in this case and therefore cannot file it. Needless to say, the defendant, through Attorney Mirhashem, has

---

[1] Motions to consolidate the two cases were filed in both cases and denied under the local rules.

assented to this motion.

                                                 Respectfully submitted,

                                                 CARMEN M. ORTIZ
                                                 United States Attorney

                    By:     */s/ Adam Bookbinder*
                                               Adam J. Bookbinder
                                               Assistant U.S. Attorney
                                               Mona Sedky
                                               DOJ Senior Trial Counsel

## CERTIFICATE OF SERVICE

     I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by e-mail to counsel for Lacroix.

                                               */s/ Adam Bookbinder*

Dated: October 28, 2014